## 10079

### WIX *ET AL.* v. COLUMBIA MILLS CO.

#### (96 S. E. 616.)

1. TRIAL—ARGUMENT OF COUNSEL—ADMISSION OF LIABILITY.—In action for injuries sustained by employee, where there was evidence that after plaintiff had left defendant's employee she had met defendant's foreman, who told her that defendant's superintendent had some money for her, plaintiff's counsel in summing up has the right to argue that foreman's statement was an admission of liability.

2. APPEAL AND ERROR—REVIEW—CONFLICTING EVIDENCE.—Where more than one reasonable conclusion can be deduced from the evidence, the Supreme Court will not weigh the preponderance thereof.

Before WHALEY, County Judge, Richland, January term, 1918. Affirmed.

Action by Dora Wix and another against the Columbia Mills Company. Judgment for plaintiff, and defendant appeals.

Following are the exceptions referred to in opinion:

The defendant excepts because: (1) His Honor erred when over objection he allowed plaintiff's counsel to comment upon testimony of the witness, C. R. Costner, that he told plaintiff that defendant's superintendent had money for her, and to argue to the jury counsel's conclusion that defendant offered to compromise this case and admitted its liability; and his Honor also erred when he refused defendant's motion for a new trial on this ground.

(2) His Honor erred when he refused to instruct the jury not to find any punitive damages in their verdict, when there was no evidence of a conscious violation of any duty defendant owed to plaintiff; and his Honor also erred when he refused defendant's motion for a new trial on this ground.

*Messrs. Wm. Elliott* and *Jas. H. Fowles,* for appellant, cite: *As to argument of plaintiffs' counsel to the jury:* 92 S. C. 262; 77 S. C. 409; 81 S. C. 28; 36 S. C. 370; 75 S. C. 345; 65 S. C. 243; 107 S. C. 390; 96 S. C. 137.

*Messrs. A. F. Spigner* and *W. W. Hawes,* for respondents, cite: *As to argument of plaintiffs' counsel to the jury:* 82 S. C. 465; 10 S. C. 308; 36 S. C. 69; 15 S. E. 331; 45 S. C. 184; 22 S. E. 790; 56 S. C. 104; 34 S. E. 11; 57 S. C. 361; 35 S. E. 572; 94 S. C. 26; 92 S. C. 236; 75 S. E. 541; 71 S. C. 136; 50 S. E. 551.    *As to punitive damages:* 88 S. C. 453.

August 31, 1918.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

Action for tort to the person, arising from a fall on a factory floor, alleged to have been covered with oil and uncleaned for weeks before the fall.    The verdict was $2,000

actual and $500 punitive damages. The fall was proven by defendant's witness; the extent of the injury was for the jury. There are two exceptions; let them be reported.

On the first issue, that which Costner, the defendant's witness, said was brought out on the direct examination by the defendant's counsel. Costner, a foreman in the room, testified he met the plaintiff on the street, after she had quit the service of the mill, and he told her "if she had not seen him, the superintendent had some money for her," and that was all that was said. The defendant's counsel did not refer to the subject on the cross-examination. In the summing up the plaintiff's counsel suggested to the jury that Costner's speech to the woman was an admission of liability. The record does not show that counsel said aught else to the jury than that. The Court ruled that counsel had the right to argue a conclusion from the testimony, and in that there is no error. The cases cited by the appellant have no relevancy to the facts of the instant case. More than this, the defendant's witnesses, other than Costner, tended to prove liability for actual damage. On the second issue the testimony for the plaintiff tended to show that the floor where the operative fell was very greasy with the dropping of oil from machinery. The plaintiff testified that the floor had not been scoured in a month, while the habit had been to scour it once a week. A witness for the defendant testified that the floor was scoured something like a month before the accident, and that oil was placed on the pulley once a day. The trial Court and the jury concluded that the omission of the defendant, under these circumstances to scour the floor for so long a time, amounted to a conscious failure to perform a known duty. More than one reasonable conclusion was deducible from the testimony, and we are not warranted to weigh the preponderance of the evidence.

The judgment is affirmed.