9005

WATSON v. PASCHALL *ET AL.*

(84 S. E. 531.)

NEW TRIAL. APPEAL AND ERROR. REVIEW.

1. NEW TRIAL—INSUFFICIENCY OF EVIDENCE—ORDER—CONSTRUCTION.— An order granting a new trial on the ground that the verdict was "capricious and against the weight of the testimony," and because a telegram, in the light of the evidence, could not be construed as an acceptance by defendant of plaintiff's offer, justifies the construction that a new trial was granted on the ground that the verdict was contrary to the weight of the evidence.

2. APPEAL AND ERROR—REVIEW—GRANT OF NEW TRIAL.—Where a new trial is granted on the ground that the verdict is against the weight of the evidence, and the evidence is susceptible of more than one inference, the Supreme Court cannot interfere.

3. APPEAL AND ERROR—REVIEW—DISCRETION OF TRIAL COURT—GRANT OF NEW TRIAL.—Where a new trial is granted in the exercise of discretion conferred on Circuit Judges to grant new trial, the Supreme Court will not interfere, unless there was manifest error in the exercise of discretion.

Before GARY, J., Chesterfield, November, 1913. Affirmed.

Action by E. T. Watson against J. R. Paschall and others. From an order granting a new trial after verdict for plaintiff, he appeals.

The defendants moved to set aside the verdict and grant a new trial, which motion was granted in the following order:

"This case has been before the Supreme Court two or three times. The nature of the case may be ascertained from some of the reports of the case. It is unnecessary to say more in a preliminary statement than that the case came before me for trial, and resulted in a verdict in favor of the plaintiff for $5,000. The defendants made a motion that the verdict be set aside and a new trial granted, basing the motion upon five grounds. It is needless to take up the grounds of the motion *seriatim.*

"I think the verdict should be set aside for the reason that it was capricious and against the weight of the testimony.

"I do not think that, under any reasonable construction of the telegram which was offered in evidence as the basis of contention the defendants accepted the offer made by plaintiff, it could be construed, in the light of the other evidence, as an acceptance of the said offer. This being my view of the evidence, I must, with great reluctance, set aside what was done by the jury. It is important that there should be an end of litigation, but it is equally important that it should be ended right.

"It is, therefore, ordered that the verdict of the jury herein be, and the same is, set aside and a new trial ordered."

*Messrs. Stevenson & Prince,* for appellant, cite: *Former appeals in this action reported in 83 S. C. 366; 93 S. C. 537. Capricious verdict is one which is unreasonable and without any evidence to sustain it:* 28 A. & E. Ency. of L. 946, 964; 21 S. C. 540; 22 S. C. 562, 563; 63 S. C. 466; 95 S. C. 472.

*Messrs. R. T. Caston, Edward McIver* and *W. P. Pollock,* for respondents.

February 25, 1915.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

This appeal is from an order granting a new trial. Appellant's sole contention is that the order was based upon error of law, to wit, the conclusion that there was no evidence to support the verdict. But the language of the order, which will be reported, shows that the decision was based, in part at least, on the ground that the Judge was not satisfied with the verdict as a just and true finding of the facts. He says it was "capricious and against the weight of the testimony," and, further, that the telegram, *"in the light of the other evidence,"* could not reasonably be construed as an acceptance by defendants of plaintiff's offer. The words italicized show that the Judge's conclusion was based, not entirely upon the ground that there was no evidence to sustain the verdict, but upon the ground that it was contrary to the weight of the evidence. At any rate, the language used is susceptible of that interpretation.

Appellant would have us infer that the Judge's use of the word "capricious," in characterizing the verdict, can mean but one thing, to wit, that his conclusion was that it was wholly unsupported by evidence. While that inference may be warranted, it is certainly not the only inference that may be drawn, especially when the other language used is considered, for a verdict may properly be said to be capricious if it is against the overwhelming weight of the evidence.

Where a new trial is granted on the ground that the verdict is against the weight of the evidence, and the evidence is susceptible of more than one inference, as it is in this case,

this Court cannot interfere; and, where it is granted
2, 3   in the exercise of that discretion which is vested by
law in the Circuit Judges to grant new trials, as it
seems to have been done, in part at least, in this case, this
Court will not interfere, unless it is made to appear that
there was manifest error in the exercise of that discretion,
which has not been made to appear in this case.

Order affirmed.