## 11505

### NATIONAL TIRE & RUBBER CO. v. HOOVER

#### (122 S. E., 858)

1. DAMAGES—GENERAL RULE AS TO DAMAGES FOR BREACH OF CONTRACT STATED.—Defendant is liable for damages following as a natural consequence and proximate result of his breach of contract, or which may reasonably be supposed to have been within parties' contemplation at time contract was made, as a probable result of a breach of it.

2. SALES—GENERAL RULE AS TO DAMAGES FOR BREACH OF WARRANTY.— Generally the measure of damages is difference between actual value at time of sale and what value would have been if goods had conformed to warranty.

3. DAMAGES—SALES—PROFITS OR GAINS PREVENTED AS WELL AS LOSSES SUSTAINED, RECOVERABLE IN ACTION ON WARRANTY.—Profits or gains prevented, as well as losses sustained, may be recovered as damages for breach of contract, where it can be rendered reasonably certain that they have naturally resulted from breach, and this rule is applicable to damages for breach of warranty.

4. SALES—ALL EXPENSES TRACEABLE TO BREACH OF WARRANTY MAY BE RECOVERED.—All expenses, the incurring of which can be traced directly and naturally to a breach of warranty, are an element of damage, and it is not necessary that such expenses should have been actually paid, if liability therefor is incurred.

5. APPEAL AND ERROR—ONLY ISSUES RAISED BELOW CONSIDERED.—Only such issues as were raised or passed on by trial Court will be considered on appeal.

6. APPEAL AND ERROR—ADMISSION OF EVIDENCE OF OVERHEAD EXPENSES IN RUNNING BUSINESS HELD NOT REVERSIBLE ERROR.—In an action for purchase price of automobile tires and tubes, where defendant counterclaimed on ground that goods were so defective that he had to close his business, admission of evidence of overhead expenses *held* not reversible error.

---

Note: On loss of profits as element of damages for breach of warranty of sale, see note in 52 L. R. A., 233.

7. SALES—INSTRUCTION AS TO OVERHEAD EXPENSES IN CONDUCTING BUSINESS OF SELLING DEFECTIVE GOODS HELD NOT ERROR.—In an action for purchase price of automobile tires and tubes, where defendant counterclaimed on ground that goods were so defective that he had to close his business, an instruction as to overhead expenses incurred by defendant in conducting business for the purpose of selling tires and tubes which were unsalable, *held* not reversible error.

8. TRIAL—TRIAL COURT'S REMARK WHEN HE RULED ON ADMISSION OF · TESTIMONY HELD NOT ERROR.—In an action for purchase price of automobile tires and tubes, where defendant counterclaimed on ground that goods were so defective that he had to cease doing business, trial Court's remark, when ruling on admission of evidence, that business was established to carry on a special business, *held* not to make him a participant with jury.

Before WHALEY, J., Richland County, May, 1921. Affirmed.

Action by the National Tire & Rubber Company against H. F. Hoover trading under the name of the Rex Tire Company. From a judgment for defendant on his counterclaim plaintiff appeals.

The third exception follows:

(3) His Honor, the presiding Judge, erred in remarking, in the presence of the jury, that the business was launched and established to carry on an especial business; the error being that said statement assumed the correctness of the defendant's evidence, whereas this was a disputed issue in the case for the jury to determine from all the testimony, and was well calculated to influence and to be considered by the jury in arriving at their verdict.

*Messrs. Frierson & McCants* and *H. A. Gibbes,* for appellant, cite: *Damages—failure of consideration.* 74 S. C., 202; 2 Sutherland on Damages 422; 9 Exch., 341— *founded upon contracts:* 70 S. C., 13; 55 S. C., 71; 25 S. C., 70—*remoteness:* 81 S. C., 181; 66 S. C., 61; 70 S. C., 16; 71 S. C., 82; 25 S. C., 68—*account of profits:* 111 S. C., 481, *mitigation of*—66 S. C., 75. *Sound price warrants a sound commodity:* 15 S. C., 93; 40 S. C., 111.

*Messrs. Nelson & Mullins, E. J. Best* and *Paul A. Cooper,* for respondent, cite: *Damages:* 2 Sutherland on damages 3rd. Ed. Sec. *67—as to profits:* 24 R. C. L., 259, *as to warranties*—3 Sutherland on Damages, 671, 665. *Exception to general rule of damages:* 24 R. C. L., 256; 8 R. C. L., 495; 35 Cyc., 472. *Waiver of defect in goods:* 115 .S. E., 815. *Testimony and objection:* 91 S. C., 507; 60 S. C., 381; 61 S. C., 329; 70 S. C., 10. *Charge of the Court:* 70 S. C., 8; 117 S. E., 55; 95 S. C., 196; 80 S. C., 410. *No charge on facts:* 93 S. C., 152; 87 S. C., 244; 84 S. C., 530. ·

May 13, 1924.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

The "case" contains the following statement:

"This action was commenced in the County Court for Richland County by service of summons and complaint on the * * * day of May, 1921, to recover the sum of $2,622.13 on an open account for automobile tires and tubes sold and delivered by the plaintiff to the defendant. The defendant by his answer alleges that the goods referred to were inferior and defective, and that there was failure of consideration for same in whole or in part; that therefore nothing is due to the plaintiff on said account; and, in addition thereto, sets up a counterclaim in the sum of $3,000, alleging that the defendant paid plaintiff $6,000 for the tires and tubes, and that they were faulty, rotten, and defective and of no value, and on account thereof there was a failure and want of consideration in whole or in part, and that defendant suffered a loss of $3,000, and alleging that he had been damaged by reason of the sale to him by the plaintiff of the defective tires and tubes, as a result of which he had to close his business. Plaintiff replied to this counterclaim in the form of a general denial. The jury rendered a verdict in favor of the defendant on the counterclaim in the

sum of $3,000, judgment was entered thereon, and there-
after in due time this appeal was taken."

Exception 1 complains that the presiding Judge committed
error in permitting H. F. Hoover, the defendant, to testify
with respect to overhead expenses in running the business,
for the purpose of selling tires and tubes purchased by him
from the plaintiff, when such testimony, the plaintiff con-
tends, was not in response to any allegation of the defend-
ant's counterclaim, and, as a matter of law, were not re-
coverable under the facts of this case.

Exception 2 complains of error on the part of his Honor
in charging the jury as to overhead expenses, incurred by
the defendant in conducting the business, for the purpose of
selling tires and tubes which were unsalable.    We find the
following ruling by hisHonor when the case was being tried:

"Mr. McCants: I think this is going pretty far afield—
are we to be held for all expenses he was put to in running
this business?

"The Court: That necessarily was an expense, and I was
looking over some general principles this morning.    Here
is a question I have to answer.    Suppose I go into a busi-
ness for selling certain products—a certain product—to get
a certain part of the price coming to me on that product, and
suppose that product is unsound, now, gentlemen (address-
ing jury), I am not saying there was unsoundness here, I
am just supposing—now suppose that the product is un-
sound and in order to carry on that business I have certain
overhead expenses, and suppose I find out the business is a
failure as a direct result of unsoundness, what becomes of
these overhead expenses I was put to in establishing that
business, either to the full extent of the expenses, or to
*pro rata* share of the expenses as the case may be."

The general rule is that for a breach of contract the
defendant is liable for whatever damages follow as
a natural consequence and proximate result of his
conduct, or which may reasonably be supposed to have been

within the contemplation of the parties at the time the contract was made as a probable result of a breach of it.

The general rule as to the measure of damage is the difference between the actual value of the property at the time of the sale and what its value would have been if it had conformed to the warranty. But it is a well settled principle that profits or gains prevented, as well as looses sustained, may be recovered, as damages for a breach of contract, where it can be rendered reasonably certain by evidence that they have naturally resulted from the breach, and this rule is applied to damages for a breach of a warranty. 24 R. C. L., 259; 24 R. C. L., 256; 3 Sutherland on Damages, § 671.

"Under the rule allowing a recovery of damages resulting naturally and directly from a breach of warranty, any and all expenses, the incurring of which can be traced directly and naturally to the breach of the warranty, are an element of damage, and it is not necessary that such expenses should have been actually paid if the liability therefor is incurred." 35 Cyc., 472.

A good deal of appellant's argument is directed to matters not made in the Court below. Only such issues as were raised or passed on by the trial Court will be considered.

No motion was made to make the answer and counterclaim more definite and certain, and we see no reversible error in the admission of the evidence, or in his Honor's charge to the jury as complained of in exceptions 1 and 2. Sutherland on Damages (3d Ed.) § 665, p. 1943; *Martin v. S. A. L. Ry.,* 70 S. C., 8; 48 S. E., 616. *Plunkett v. Insurance Co.,* 80 S. C., 410; 61 S. E., 893. *Gamble v. Insurance Co.,* 95 S. C., 196; 78 S. E., 875. *Neely v. C. & N. W. Ry. Co.* (S. C.), 117 S. E., 55. These exceptions are overruled.

Exception 3 is overruled; his Honor's remarks when he ruled on the admission of testimony were not such as made him a participant with the jury. The exception does not point out when the remarks were made.

All exceptions are overruled, and judgment affirmed.

MR. JUSTICE FRASER concurs.

MESSRS. JUSTICE COTHRAN and MARION concur in result.

MR. CHIEF JUSTICE GARY did not participate.

MR. JUSTICE COTHRAN, (concurring in result). Action for $2,622.13, balance due on open account for automobile tires and tubes sold to the defendant.

It appears that early in 1920 the defendant opened a business as a dealer in tires and tubes. It was established at 1827 Main street in the City of Columbia, for which he paid rent at $60 per month. In March, 1920, he bought tires and tubes from the plaintiff to the amount of $14,173.24, which were delivered, upon which account he has paid $11,551.11, leaving unpaid $2,622.13.

The business was conducted at the place on Main street for 5½ months, and then at another place for 1½ months. At the latter the rent was $125 per month, making a total amount paid out for rent, $517.50; $302.00 was paid for repairs on the building; two cars were bought for salesmen upon which there was a loss of $950, and for gasoline and oil 7 months at $40 per month $280.00; $75 was paid out on an exhibit at an automobile show; and $3,900 in cash was put into the business, which at the end of the 7 months, in the language of the manager, "went broke." The amount of the loss, as above detailed, was $6,024.50.

There was evidence tending to show that the business was organized for the purpose of selling tires and tubes manufactured by the plaintiff; the defendant being appointed state distributor for what was called "Roamer tires and tubes."

The defendant admitted the purchase of the tires and tubes as alleged in the complaint, but alleged that they were

so defective that in the $12,000 already paid by him on the account he had paid at least $3,000 more than they were worth; he also set up a counterclai mfor $3,000 damages resulting from the breach of the plaintiff's implied warranty of soundness.

There was abundant evidence from which the jury may have found that the commodities sold were defective and practically valueless, uncontradicted by the plaintiff; and their verdict of $3,000 in favor of the defendant upon his counterclaim may well be referred to that finding.

In the most favorable light for the defendant, the evidence of "overhead expenses," as they are termed by the appellant, and as detailed above, was admissible only to support a claim of special damages, which the complaint does not contain. I do not think that under the pleadings and evidence it should have been admitted.