16706

## WALL v. PARKER
(74 S. E. (2d) 418)

80

*Messrs. McEachin, Townsend & Zeigler,* of Florence, *for Appellant,*

*Messrs. Willcox, Hardee, Houck & Palmer,* of Florence, *for Respondent,*

January 28, 1953.

TAYLOR, Justice.

On or about November 9, 1950, at approximately 6:30 in the evening, plaintiff-respondent, while driving a Ford pick-up truck in an easterly direction on U. S. Highway 76 approximately three miles west of the city limits of Florence, S. C., was involved in a collision with one Ford automobile owned and operated by appellant, J. W. Parker, which at the time was entering U. S. Highway 76 from the north side, causing respondent, according to the complaint, to suffer personal injuries, expense and loss of time from work. The answer thereto set up a general denial, contributory negligence, recklessness and willfulness and by way of counterclaim asked judgment against respondent for repair bills and loss of use of appellant's car which were due to the sole negligence and recklessness of respondent. A general denial was entered as to the counterclaim and the cause tried before the Honorable R. W. Sharkey and a jury at the January, 1952, term of court, resulting in a verdict for plaintiff-respondent in the sum of $5,000.00. At the conclusion of the judge's charge to the jury, the trial judge inquired, "Is there anything further from the Plaintiff?" Having received a negative answer, he inquired, "Anything further from the Defendant?" to which appellant's counsel replied, "We would like for you to charge Section 60 on page 486 of the Acts of 1949, 46 St. at Large, paragraphs (a) and

(b) ; (b) relates to the speed limit and (a) relates to the due care used upon the highway." This request was refused in the following language: "I have covered the principles of due care. I have covered that, I have charged them fully on the necessity of exercising due care and told them that it was necessary, regardless of the statute", and the refusal to charge this section of the statute is assigned as error by appellant.

A review of the charge discloses that the trial judge evidently had in mind the following quoted portion of said charge as sufficient to cover the request:

"This statute requires every person to keep a proper lookout; to drive at a rate of speed that is safe under the circumstances, and to have his car under proper control at all times. Those latter requirements that I have mentioned to you, which are set out in our State statute, are requirements which are imposed upon every operator of every motor vehicle regardless of the statute. The law requires that, even if the statute were not there."

It had been testified that plaintiff was in the act of passing a car and had pulled over to his left side of the road in order to do so at the time of the collision. The testimony relative to the speed of the truck varied considerably. Respondent estimated his speed from 40 to 45 miles per hour. This was substantiated by the testimony of one of the witnesses. Appellant, however, testified that "he must have been going about, I would say 50 or 60 miles an hour, he had to be running fast to try to pass the car that was in front of him."

Section 60, paragraphs (a) and (b) of the 1949 S. C. Statutes, page 486, which was requested to be charged by appellant, appears as follows:

"Speed Restrictions.—limits.—(a) No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event speed shall be so controlled as may be necessary to avoid

colliding with any person, vehicle or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care.

"(b) Where no special hazard exists that requires lower speed for compliance with (a) of this section the speed of any vehicle not in excess of the limits specified in this section or established as hereinafter authorized shall be lawful, but any speed in excess of the limits specified in this section or established as hereinafter authorized shall be prima facie evidence that the speed is not reasonable or prudent and that it is unlawful:

"1. Twenty-five miles per hour in any business district;

"2. Thirty-five miles per hour in any residence district;

"3. Fifty-five miles per hour under other conditions.

"The prima facie speed limits set forth in this section may be altered as authorized in sections 61 and 62."

We are of the opinion that his Honor's charge did not fully cover the applicable law set forth above, that it was error to refuse such request and by reason thereof the case should be remanded for a new trial and it is so ordered.

BAKER, C. J., and FISHBURNE, STUKES and OXNER, JJ., concur.