16770

YOUNG ET AL. v. PARKER
(77 S. E. (2d) 288)

*Messrs. McEachin, Townsend & Zeigler,* of Florence, *for Appellant,*

*Messrs. Willcox, Hardee, Houck & Palmer,* of Florence, *for Respondents,*

Aug. 10, 1953.

TAYLOR, JUSTICE.

On or about November 9, 1950, at approximately 6:30 p. m., Respondent, Wall, while driving a Ford pickup truck, loaded with a tractor, in an easterly direction on U. S. Highway 76, approximately three miles west of the city limits of Florence, S. C., was involved in a collision with a Ford automobile owned and operated by Appellant, J. W. Parker, which at the time was entering U. S. Highway 76 from the north side, causing, according to the complaint, the truck to be completely demolished and considerable damage to the tractor, which was the property of a third party but for which Respondents were responsible. The answer set up a general denial, contributory negligence, recklessness, willfullness and a counterclaim for damages to and loss of use of Appellant's automobile. Respondents filed a general denial as reply to the counterclaim.

The case came on for trial before the Honorable R. W. Sharkey and a jury at the April, 1952, Term of Civil Court for Florence County and resulted in a verdict for Respondents in the sum of $800.00 and Defendant appeals.

During the course of the trial, it was brought out that Respondent, Wall, who was driving the pickup truck, was on his way to deliver a tractor to a third party; that at 7 p. m. that evening at the Florence County Fair an automobile was to be given to the holder of the ticket bearing the number corresponding to that appearing on the stub drawn by lot and that Wall at that time had with him a number of these tickets; that after the collision he turned these tickets over to a friend requesting that he take them to the drawing. This line of evidence was not brought out at a previous trial in which Respondent, Wall, sought dam-

ages for personal injuries arising out of this collision (reported in *Wall v. Parker,* 223 S. C. 79, 74 S. E. (2d) 418) and Appellant took the position that Respondent, Wall, had intentionally concealed this fact as it tended to show haste and excessive speed on his part. Counsel for Respondents objected to this line of argument to the jury and the objection was sustained. Appellant lists this as one of his exceptions on appeal. An examination of the Transcript of Record discloses the following:

"The Court: I ruled that out of the case.

"Mr. McEachin: I asked the question, your Honor, and—

"The Court: I said that wasn't admissible, the accusation that he concealed anything.

"Mr. McEachin: Mrs. Wallace, will you find the Court's ruling on that? I am not going into it. I am going to get your ruling into the record on the argument.

"The Court: I am stating to you you can't say he concealed any—

"Mr. Houck: He said he 'deliberately' concealed the fact.

"Mr. McEachin: I said he 'intentionally' concealed it. I contend I have a right to argue that.

"The Court: You cannot argue that.

"Mr. McEachin: You refuse to let me read the evidence I read to him on that?

"The Court: You can recite the evidence."

A further reference to the pertinent portions of the testimony discloses the following:

" 'Q. And what were you going to do after you delivered the tractor, return to your home?' Your answer was: 'Yes, sir.'

" 'Q. So that after knocking off time you had to drive a distance of twenty (20) miles, unload and deliver a tractor and go back home, that is correct, isn't it? A. Yes, sir. I would have had to go back home.

" 'Q. And you couldn't have been by any chance in a hurry? A. Well, I wanted to get through work, I wasn't in no special hurry.'

"Q. Didn't you answer those questions in that way, at the trial of the other case? A. Yes, sir.

"Q. And you didn't say you were going to the fair? A. I didn't, before. I didn't say I was going to the fair, you didn't ask me.

"Q. I asked you where you were going after you delivered the tractor.

"Mr. Houck: Objection.

"A. I said I would have to go back home, but I didn't say at what time I would have to go back home.

"Mr. Houck: You didn't ask him if he was going to the fair.

"Q. Now, after you testified in the other case and came off the stand—the first time anything was heard about tickets to the fair was when Mr. McGee testified, wasn't it? A. Yes, sir.

"Q. And you hadn't said anything about going to the fair until after he testified, had you? A. No, sir.

"Q. After he testified then you got on the stand and told about going with some tickets to the fair, that is correct, isn't it? A. Yes, I think so."

Further reference to the testimony reveals the following:

"Q. When you testified before then, in the other case, you didn't say you were going to the fair? A. I think you asked me and I think I said 'yes.' I think you did.

"Q. Didn't you testify to this, didn't you conceal the last time you were going to the fair and didn't it come out after you put your witness, McGee, up? A. I didn't try to conceal it, but it came out then.

"Mr. Houck: I don't think that is a fair question.

"The Court: I don't think you have any reason to accuse him of concealing anything, you can ask him about what he testified at the last trial.

"Mr. McEachin: We contend we have the right on cross-examination to ask him if he didn't conceal it.

"The Court: I will exclude that question.

"Mr. McEachin: I· want to change the form of the question and get it in the record.

"Q. Didn't you conceal the fact last time that you were going to the fair after you delivered that tractor?

"The Court: Don't answer that question.

"Mr. Houck: I won't object to that question, let him answer it.

"The Court: Go ahead.

"A. I didn't conceal it, it did come out. I didn't try to conceal it. I admitted it when you asked me."

The foregoing reveals that counsel for Respondents had withdrawn his objections to the Appellant's questions bringing out the fact that this testimony did not come out in the previous trial; it, therefore, appears in the record without objection. However, this line of cross-examination was proper under the circumstances related here and should have been permitted even if objected to. The question of whether or not its absence was due to intentional concealment was a question of fact for the consideration of the jury and Appellant was within his rights in so contending as it was a conclusion which the jury might reasonably deduce from the testimony, *Wix v. Columbia Mills Co.,* 110 S. C. 377, 96 S. E. 616.

While Appellant's exceptions 4, 5 and 6 have been sustained by the foregoing, which will require a new trial, we should also pass upon Appellant's exceptions relating to his charge of the applicable statute law. These statutes should be charged without qualification, and the exceptions relating thereto are also sustained.

Of course, reversal for new trial impliedly overrules Appellant's exception relating to the refusal of the trial Judge to grant the Appellant's motion for a direction of verdict. Ordinarily, contributory negligence is an

issue to be submitted to the jury, and was such issue in this case.

We are of the opinion that the judgment should be set aside and the case remanded for the purpose of a new trial and It Is So Ordered.

BAKER, C. J., and FISHBURNE, STUKES and OXNER, JJ., concur.