17321

BROOKS PARNELL, Respondent, v. CAROLINA COCA-COLA BOTTLING COMPANY, Appellant

(98 S. E. (2d) 834)

Messrs. *Schwartz & Schwartz* and *Nash & Wilson,* of Sumter, *for Appellant,*

*Messrs. Jennings & Jennings,* of Bishopville, *for Respondent,*

July 8, 1957.

PER CURIAM.

Drinking a bottle of Coca-Cola, which was appellant's product, respondent got into his mouth a decomposed cockroach. He removed it and spat out such of the drink as remained in his mouth. He immediately became nauseated, went to his home two blocks away and vomited. His wife dosed him with peptobismuth which did not relieve him, and he set out alone to find a doctor. He had no telephone and his wife could not accompany him because she was keeping their baby. He went to the offices of three doctors but it was late in the afternoon and none was in. Making the rounds of the offices, he vomited again. He returned to his home and was unable to eat, but later went to work on his job as foreman on the night shift of a textile mill. He explained in testimony that he worked because he "had to" as the plant was short one experienced foreman. The next day was Saturday and he did not work that night, but returned to work at Sunday midnight. He and his wife testified that he was unwell during the whole weekend and up until the time of the trial he still became sick at the thought of drinking a Coca-Cola.

This action for $3,000.00 actual and punitive damages was brought upon a complaint in which numerous specifications of negligence of appellant were alleged, but only that with respect to violation of the Pure Food Act, particularly Sec. 32-1520 of the Code of 1952, was submitted to the jury, which returned verdict of $500.00 actual damages for respondent. Appellant made the usual defensive motions before and after verdict which were overruled, except the court eliminated the issue of punitive damages from the consideration of the jury. This appeal followed.

There are numerous exceptions but appellant has simplified the appeal by stating two questions in its brief. The first is, "Did the plaintiff show, by the greater weight or preponderance of the evidence, that the defendant was guilty of negligence?" It is not a proper question upon appeal from a verdict and judgment in a case at law, which this is. This court does not consider the weight of the evidence in such an appeal. We are without jurisdiction to do so. Constitution of 1895, Art. 5, Sec. 4. Decisions collected in 3 S. C. Dig., Appeal and Error, Key No. 1003, p. 535. Reversal of verdict for plaintiff in a law case upon consideration of the evidence can only result when we conclude that the only reasonable inference from the evidence is contrary to the factual finding which is implicit in the verdict, whereby it becomes a matter of law; and the above quoted question does not so contend—it does not purport to make the point.

By its other question appellant contends that the verdict was excessive because respondent incurred no medical expenses and lost no time from his work. This was included in appellant's motion for new trial, and overruled by the lower court which alone had jurisdiction to reduce the verdict by means of an order for new trial *nisi*. We agree with the trial court and we cannot reverse on this ground in view of the sickness and suffering of respondent. Certainly it cannot be said that the amount of the verdict indicates passion, prejudice, caprice or other consideration

not founded upon the evidence, which would be necessary for reversal. 3 S. C. Dig., Appeal and Error, Key No. 1004, p. 537. *Cf. Nelson v. C. & W. C. Ry. Co.*, S. C., 98 S. E. (2d) 798.

Affirmed.