18885

James D. DRAFFIN, Respondent, v. CHRYSLER MOTORS
CORPORATION, Appellant

(166 S. E. (2d) 305)

*Messrs. Robinson, McFadden & Moore,* of Columbia, *for Appellant,*

*Messrs. Kneece & Kneece,* of Columbia, *for Respondent,*

March 6, 1969.

CLARENCE E. SINGLETARY, Acting Associate Justice.

This action, construed by the court at the conclusion of the testimony as one for breach of manufacturer's passenger car warranty, was commenced in the Richland County Court in 1965, by the plaintiff against the defendant automobile manufacturer. Plaintiff's complaint demanded "judgment against the defendant in the sum of Nine Thousand ($9,000.00) Dollars; for the costs of this action; for cancellation of said sales contract; and for such other and further relief as this court may deem just and proper."

The jury was instructed, correctly by the court[1], that the measure of damages for breach of warranty was the difference between the actual value of the car in its defective condition at the time of the sale and its value if it had been as warranted. *Cannon v. Pulliam Motor Co.,* 230 S. C. 131, 94 S. E. (2d) 397, 401. The jury returned a verdict for the plaintiff in the sum of $9,000.00, which the trial court reduced by order, *nisi,* to $3,981.90. The undisputed testimony here is the automobile was purchased from Burnside Motor Company in Columbia for $3,491.90.

Patently, a verdict in excess of the value of an automobile, in an action on breach of warranty, must be set aside. The verdict conclusively shows disregard by the jury of the instructions of the court, or failure to heed instructions as to the measures of damages. *Beasley v. Ford Motor Co.,* 237 S. C. 506, 117 S. E. (2d) 863. Further, the court below, in its order, *nisi,* permitted a verdict to stand in excess of the value of the automobile.

[1] The cause of action alleged here arose in 1965. The Uniform Commercial Code went into effect in this State on January 1, 1968; thus, it is not applicable in this case. Note §§ 10.2-714 and 10.2-715, S. C. Code, 1962, as amended, as to "Buyer's damages for breach in regard to accepted goods" and "Buyers incidental and consequential damages."

Defendant has appealed to this court on twenty separate exceptions. Since we have concluded the verdict must be set aside, it is unnecessary to give further consideration to defendant's exceptions except as they may be of assistance in the retrial of this action.

Defendant excepts to the manner in which damages were proven by plaintiff. There was no direct testimony by the plaintiff regarding the value of the automobile in its alleged defective condition. However, the jury had before it the purchase price of the automobile. There was testimony by the plaintiff, his wife and his son of defects in the automobile. We believe there was sufficient testimony before the jury to enable it to arrive at the value of the automobile in its alleged defective condition. As stated in *Durant v. Palmetto Chevrolet Co., Inc.,* 241 S. C. 508, 129 S. E. (2d) 323, 326, most jurors, as average men, are well informed about automobiles. Here, as in *Durant,* the jurors had before them value of the automobile on resale.

Defendant charges prejudicial error in the admission of testimony of plaintiff's son concerning the contents of the written warranty issued with the automobile. The plaintiff later introduced the warranty; so, there was no issue that it was lost or unavailable. See *Smith v. Jasper County Board of Education,* 227 S. C. 46, 86 S. E. (2d) 738. Here the plaintiff was seeking to "enlarge" its terms. This cannot be done, particuarly where there is no ambiguity. *Smith & Furbush Mach. Co. v. Johnston,* 102 S. C. 130, 86 S. E. 489; *Charleston & Western Carolina Ry. Co. v. Joyce,* 231 S. C. 493, 99 S. E. (2d) 187; *Proffit v. Sitton,* 244 S. C. 206, 136 S. E. (2d) 257. Note as well 32A C.J.S. Evidence § 910b.

Plaintiff, over objection of the defendant, was permitted to introduce testimony of plaintiff's son that a representative of the bank which financed the automobile had threatened plaintiff with loss of his job if he did not take up his son's payments. Such testimony patently

had no bearing on the issues at trial and was prejudicial. Testimony of a deficiency in the balance due the bank after it sold the automobile when plaintiff stopped making payments, was irrelevant and prejudicial in this action on a warranty.

Still further prejudicial testimony was admitted. Plaintiff's son was permitted by the court to testify as to statements made by the dealer's employee at the time the car was purchased. There is no testimony here that employee of the dealer had authority to vary the written warranty of the manufacturer. The defendant under these circumstances was bound only by the terms of its written warranty. *Odom v. Ford Motor Company,* 230 S. C. 320, 95 S. E. (2d) 601.

The additional exception we should consider raises the questions of whether the defendant was given reasonable notice of alleged defects in the automobile and an opportunity to repair the defects. The written manufacturer's passenger car warranty was delivered to the purchaser of the new car by the dealer at the time of purchase. This written warranty provides that "Service under this warranty should be performed by any Chrysler Motors Corporation Authorized Dealer, at the dealer's place of business, without charge for replacement parts or labor."

Testimony here is that the automobile was purchased on September 25, 1964 from Burnside Motor Company, an authorized Chrysler dealer. Plaintiff testified it was taken back to Burnside Motor "at least twenty times" prior to March 2, 1965, when a letter was addressed to Chrysler Motors Corporation complaining of defects in the automobile. The testimony is in dispute as to whether the automobile was made available to the defendant after March 2, 1965. We have held that no liability arises under a warranty such as this, until the warrantor has been given reasonable notice and opportunity to remedy the alleged defects. *Cannon v. Pulliam Motor Company, supra.*

This action was commenced in September, 1965, six months after plaintiff notified Chrysler by letter of his complaints with the automobile. The testimony indicates employees of Chrysler were given an opportunity to drive and make a limited inspection of the automobile in August. Also, Chrysler's employees had access to the dealer's service records. Under all of these circumstances, we think the issues of notice and opportunity for repair are for the jury under proper instructions by the court.

Reversed and remainded for new trial.

Moss, C. J., and Lewis, Bussey and Littlejohn, JJ., concur.

