21886

John M. SIMMONS, Sr. and John M. Simmons, Jr., Respondents, v. CIBA-GEIGY CORPORATION, Appellant.

(302 S. E. (2d) 17)

*James M. Brailsford, III*, of *Robinson, McFadden, Moore & Pope*, Columbia, and *Thomas J. Thompson*, of *Townsend & Thompson*, Laurens, *for appellant.*

*J. Michael Turner*, of *Culbertson, Whitesides & Turner*, Laurens, *for respondents.*

March 21, 1983.

NESS, Justice:

This is an action for breach of express and implied warranties brought by respondents Simmons. Appellant CIBA-GEIGY Corporation asserts the trial court erred in failing to grant its motion for judgment notwithstanding the verdict or for a new trial. We disagree and affirm.

Respondents purchased certain herbicides manufactured by appellant for farm use. They claim the herbicides failed to effectively control crabgrass, causing a poor crop yield. The jury returned a verdict for respondents for $9,500.00.

On motions for judgment notwithstanding the verdict or for a new trial, the Court must view the testimony in the light most favorable to the prevailing party. *Allstate Insurance Company v. State Farm Mutual Automobile Insurance Company, et al.,* 260 S. C. 350, 195 S. E. (2d) 711 (1973); *Skipper v. Hartley, et al.,* 242 S. C. 221, 130 S. E. (2d) 486 (1963).

Appellant first contends respondents failed to prove the existence of or reliance on any warranty. Appellant failed to raise an exception concerning the issue of the existence of the warranties, and has thus waived it. *Germain v. Nichol*, S. C., 299 S. E. (2d) 335 (1983); *Priester, et al. v. Brabham*, 230 S. C. 201, 95 S. E. (2d) 167 (1956).

On the reliance issue, respondents testified they relied on information supplied by appellant's agent and on a booklet published by appellant. This testimony was sufficient to create a jury issue, and the trial judge properly denied appellant's motions.

Appellant next argues respondents failed to give notice of breach within a reasonable time as required by S. C. Code Ann. § 36-2-607(3)(a). Whether notice was given within a reasonable time is properly a question for the jury. *Draffin v. Chrysler Motors Corporation*, 252 S. C. 348, 166 S. E. (2d) 305 (1969).

Next, appellant maintains respondents failed to prove the poor crop yield was caused by a defect in the herbicides.

Respondents presented evidence there was only twenty percent control of crabgrass where these herbicides were used, while there was adequate control where another herbicide was used. Appellant's agent admitted better results should have been obtained. Respondents further testified they properly cultivated their crop, that the herbicides were properly mixed and applied, and that there was sufficient rainfall to produce a good yield. This evidence would reasonably support an inference that respondent's poor yield was caused by a defect in the herbicides, and thus the judge properly submitted the issue to the jury.

Lastly, appellant contends respondents' damages were speculative and conjectural.

The measure of damages in this type of action is the difference between the value of the probable crop had there been no injury and the value of the actual crop, less expenses of preparing for market the portion of the probable crop prevented from maturing. *W. R. Grace & Company v. LaMunion*, 245 S. C. 1, 138 S. E. (2d) 337 (1964).

Respondents testified their actual yield averaged six bushels per acre, that the average yield in the area was 28.4 bushels per acre, and that a neighbor's crop grown under similar

conditions yielded fifty bushels per acre. Further testimony indicated respondents sold the corn they harvested for $3.00 per bushel, and that a larger crop would not have been more expensive to prepare for market than a smaller crop. This testimony reasonably supports the award of damages, and the issue was properly submitted to the jury.

Affirmed.

Lewis, C.J., and Littlejohn, Gregory and Harwell, JJ., concur.