21937

JOHN D. HOLLINGSWORTH ON WHEELS, INC., Appellant-Respondent, v. ARKON CORPORATION, Respondent-Appellant.

(305 S. E. (2d) 71)

*Wesley M. Walker, James H. Watson, O. Jack Taylor, Jr.,* and *Mark R. Holmes,* all of *Leatherwood, Walker, Todd & Mann,* Greenville, *for appellant-respondent.*

*David L. Freeman* and *Carl F. Muller,* both of *Wyche, Burgess, Freeman & Parham,* Greenville, *for respondent-appellant.*

June 10, 1983.

LEWIS, Chief Justice:

This action arose out of a contract between John D. Hollingsworth On Wheels, Inc., and Arkon Corporation, under which Hollingsworth agreed to sell certain machinery for use by Arkon in its manufacture of nonwoven products. The machinery involved in the contract was never delivered by Hollingsworth. As a result of differences between the parties over the cause for the failure to deliver, Hollingsworth brought this action for rescission of the contract; and Arkon counterclaimed for incidental and consequential damages resulting from an alleged breach of the contract by Hollingsworth.

Based upon voluminous evidence, much of which is subject to a protective order by reason of commercial security, the Master, to whom all issues were referred for decision, concluded that Hollingsworth was not entitled to rescission but instead had itself breached the contract, entitling Arkon to damages in the amount of $1,918,043.00, for which judgment was entered against Hollingsworth. Hollingsworth has appealed from the judgment in its entirety. Arkon cross-appeals, contending that the damage award was inadequate.

Direct appeal to this Court from the report of the Master was provided by agreement of the parties and order of the circuit court under Section 14-11-90, South Carolina Code of Laws (1982 cum. supp.). We affirm the judgment with reduction in the amount of the award.

We find that the Master correctly determined all issues pertaining to the contract but awarded damages that were not established with the reasonable certainty required by the law of this State. A previous appeal in this case, *Hollingsworth v. Arkon,* 273 S. C. 461, 257 S. E. (2d) 165, established that Arkon has waived its right to jury trial by electing to assert its

counterclaim in response to Hollingsworth's equitable action. Consistent with that opinion, we have applied the scope of review appropriate for equitable matters tried by a judge alone. *Townes Associates Ltd. v. City of Greenville*, 266 S. C. 81, 86, 221 S. E. (2d) 773. Accordingly we have reduced the award based upon our view of the preponderance of the evidence.

In May 1976, the parties entered into an "Agreement for Sale of Machinery" by the terms of which appellant Hollingsworth would sell to respondent Arkon certain pieces of machinery used in the manufacture of nonwoven textiles. Specifically at issue is the promise to deliver and install two 4-meter cards, equipment used to disentangle batches of synthetic fiber and prepare them for later stages of processing. Evidently, carding equipment of this width represented an innovation for the nonwoven textile industry. Delivery of the cards was scheduled for November 1977, approximately eighteen months after signing of the agreement. In the interim, Hollingsworth was to lease 2.2-meter cards at a nominal fee for overlapping periods of time.

In addition to delivery and installation of the equipment just described, Hollingsworth expressly assumed responsibility "for all changes or modifications to the equipment furnished which may be necessary to achieve the quality and production as set forth in the standards and specifications hereto attached and incorporated by reference as a part hereof." The standards and specifications were attached to the agreement and explicitly set out requirements of speed, tensile strength ratio, appearance (by sample) and weight to be measured by a "finished" product or nonwoven web.

On its face the contract reveals no ambiguities. The record on this appeal exceeds four thousand pages and contains a dozen or more drafts of the agreement carefully negotiated over a period of approximately four months. Despite the disastrous course of misunderstandings which followed upon this agreement, we cannot accept the appellant's contention that the contract was in any way ambiguous or failed to state the intention of the parties at the time.

For better or for worse, Hollingsworth assumed sole responsibility for meeting the standards and specifications of the contract. The evidence amply supports the conclusion that

the 2.2-meter cards failed to achieve the promised results. The 4-meter cards were never delivered.

We are in complete agreement with the Master's finding that Hollingsworth was not entitled to rescission but instead had itself breached the contract.

In an action for breach of a sales contract, an aggrieved buyer may be entitled to incidental and consequential damages as defined by Section 36-2-715, Code of Laws of South Carolina. The evidence persuades us that this is a proper case for an award of both. Unfortunately, the Master accepted and applied certain formulations of the respondent which do not comport with the standard of "reasonable certainty" which has governed the determination of consequential damages in this State both before and since the adoption of the Uniform Commercial Code. *J. A. Fay & Egan Co. v. Mims*, 151 S. C. 484, 497-501, 149 S. E. 246; *National Tire & Rubber Co. v. Hoover*, 128 S. C. 344, 348, 122 S. E. 858; *Lester v. Fox Film Corp.*, 114 S. C. 533, 536, 104 S. E. 178; *Smith & Furbush Machine Co. v. Johnson*, 102 S. C. 130, 140-141, 86 S. E. 489; *McMeekin v. Southern Railway*, 82 S. C. 468, 473, 64 S. E. 413; *Standard Supply v. Carter & Harris*, 81 S. C. 181, 62 S. E. 150 (and cases cited).

Lost profits are well recognized as a species of consequential damages. *South Carolina Finance Corporation of Anderson v. West Side Finance Company*, 236 S. C. 109, 122, 113 S. E. (2d) 329; *Hiers v. Southeastern Carolinas Telephone Co.*, 216 S. C. 437, 443, 58 S. E. (2d) 692; *Georgetown Towing Company v. National Supply Co.*, 204 S. C. 445, 451, 29 S. E. (2d) 765; *Charles v. Texas Co.*, 199 S. C. 156, 178-181, 18 S. E. (2d) 719; *National Tire & Rubber Co. v. Hoover, supra.*

Respondent Arkon urges that its lost profits have exceeded two million dollars ($2,000,000.00). Arkon contends that the Hollingsworth equipment was expected to yield "economies of scale" which would have resulted in phenomenal production levels at no additional fixed cost. Hollingsworth attacks these claims as speculative and impermissible under the rule that lost profits for a new enterprise lack reasonable certainty. *McMeekin v. Southern Railway, supra.*

We conclude that the projections of Arkon introduce more than an acceptable level of uncertainty into the computation of damages in this case. Ultimately, how-

ever, we resolve the issue of consequential damages on grounds of the contract language itself. Hollingsworth promised machinery that would perform at certain speeds and yield products of a certain quality. Nowhere in the contract (or in the negotiations prior thereto) does Hollingsworth guarantee that this machinery will operate at no additional fixed cost to Arkon. Whether or not such an expectation would be reasonable, we find no evidence that "economies of scale" were at anytime promised by the appellant to the respondent. *Georgetown Towing Co. v. National Supply Co., supra; Liquid Carbonic Co. v. Coclin,* 166 S. C. 400, 406, 164 S. E. 895; *J. A. Fay & Egan Co. v. Mims, supra.* We must therefore reject the theory upon which Arkon rests most of its claim for lost profits or extraordinary labor costs.

The record does, however, permit us to reach a reasonable figure for consequential damages in that Arkon establishes, without contradiction, that its actual profit margin during the damage period ranged between three and four percent (3-4%). We accept this figure along with Arkon's calculation of unrealized production directly prevented by the breach of Hollingsworth. We therefore find Arkon entitled to lost profits in the amount of Two Hundred Forty-eight Thousand Five Hundred and Ten ($248,510.00) dollars.

■ Incidental damages in this case are complicated by a number of factors. On the one hand, the 2.2-meter cards failed to meet contract specifications, giving rise to various expenses incurred in an effort to remedy the defects. On the other hand, the 4-meter cards were never delivered, necessitating a search for substitute machinery. As it developed, Arkon was ultimately required to purchase replacement machinery that was only 3.5 meters wide. Nevertheless, Arkon's statement of damages suggests that incidental costs were fully accrued and calculated as of April 30, 1979. The total of these reasonable expenses for additional fiber, repositioning of machinery, excessive waste and purchase of substitute equipment is Six Hundred Fifty-six Thousand Seven Hundred Forty-five ($656,745.00) dollars.

We conclude, therefore, that a proper award of incidental and consequential damages to Arkon for the breach of contract by Hollingsworth should not have exceeded the amount of Nine Hundred Five Thousand Two Hundred Fifty-five ($905,255.00) dollars. Amounts in excess thereof simply lack

support under the contract or in the evidence if measured by the standard of reasonable certainty. Accordingly judgment for the respondent is affirmed and damages awarded in the modified amount of $905,255.00.

The cause is remanded for entry of judgment accordingly.

LITTLEJOHN, NESS, GREGORY and HARWELL, JJ., concur.