**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Floyd E. Jernigan, Respondent,

v.

Suzanne Boone Katz and Bank of America, Defendants,
of whom Suzanne Boone Katz is Respondent,
and Bank of America is Appellant.

Appellate Case No. 2012-210729

Appeal From Charleston County
J. C. Nicholson, Jr., Circuit Court Judge

Memorandum Opinion No. 2014-MO-039
Heard February 20, 2014 – Filed October 15, 2014

**AFFIRMED**

Merritt Gordon Abney and Bryson Moore Geer, both of
Nelson Mullins Riley & Scarborough, LLP, of
Charleston, for Appellant.

Geoffrey H. Waggoner, of Waggoner Law Firm, Brooks
Roberts Fudenberg, of Law Office of Brooks R.
Fudenberg and Aaron Eric Edwards, of The Richter
Firm, LLC, all of Mount Pleasant, for Respondents.

**PER CURIAM:**  Affirmed pursuant to Rule 220(b)(1), SCACR, and the following authorities: *Longshore v. Saber Sec. Servs., Inc.,* 365 S.C. 554, 560, 619 S.E.2d 5, 9 (Ct. App. 2005) (stating a tort action for damages is an action at law); *see also Moseley v. All Things Possible, Inc.*, 395 S.C. 492, 495, 719 S.E.2d 656, 658 (2011) ("In an action at law, on appeal of a case tried without a jury, the findings of fact will not be disturbed if there is any evidence which reasonably supports the judge's findings. The judge's findings in such an instance are equivalent to a jury's findings in a law action. Our scope of review extends merely to the correction of errors of law." (citations omitted)); *Mellen v. Lane*, 377 S.C. 261, 275, 659 S.E.2d 236, 244 (Ct. App. 2008) (stating a trial judge has "considerable discretion" in fashioning a damages award); *Hutson v. Cummins Carolinas, Inc.*, 280 S.C. 552, 559, 314 S.E.2d 19, 24 (Ct. App. 1984) ("[O]ur task in reviewing a damages award is not to weigh the evidence, but to determine if there is any evidence to support the [] verdict . . . . Mere undue liberality . . . does not warrant the inference that the verdict was the result of caprice, passion or other undue influence." (citation omitted)).

**AFFIRMED.**

**PLEICONES, Acting Chief Justice, BEATTY, KITTREDGE, HEARN, JJ., and Acting Justice James E. Moore, concur.**