20783

Larry Rembert LONG and Judy E. Long, Respondents, v. QUALITY MOBILE HOME BROKERS, INC., d/b/a Crestview Mobile Housing, Appellant.

(248 S. E. (2d) 311)

*William B. Woods* of *Berry, Dunbar, Gibbes & Woods,* Columbia, *for appellant.*

*William P. Walker, Jr.,* Lexington, *for respondents.*

October 18, 1978.

LITTLEJOHN, Justice:

Larry and Judy Long (purchasers) brought this action, seeking damages for breach of implied warranty of merchantability, against Quality Mobile Home Brokers, Inc.

(seller). The jury returned a verdict in the amount of $20,-000.00 actual damages. The seller moved for a new trial outright on the grounds that the verdict was clearly excessive and clearly the result of bias, prejudice or caprice, and was not based upon the evidence presented in the case, or in the alternative for a new trial *nisi*. The motions were overruled. The seller has appealed.

The purchasers procured a double-wide mobile home from the seller for a purchase price of $15,923.91. They financed the purchase price; this involved additional charges of approximately $14,000.00 and payments over a long term. The total for which they became obligated amounted to approximately $28,000.00. In the process of delivering this unit and setting it up for use, the mobile home was greatly damaged by wind. The seller substituted another unit. There is abundant testimony that the substituted unit was defective and that its true value was approximately $5,000.00. There is evidence of some comparatively small items of expense which, at least arguably, were proximately caused by the breach of warranty.

The only question which this court must determine is whether there is evidence to support the amount of the verdict. We are of the opinion that there is not.

Since the mobile home in question was moveable at the time of sale, the Commercial Code determines items of damage available to the purchasers. §§ 36-2-102 and 36-2-105 (1) *Code of Laws of South Carolina* (1976). In an action for breach of warranty under the Code, a buyer is entitled to general (§ 36-2-714) and consequential (§ 36-2-715) damages.

Under the general measure of damages, a buyer may recover:

". . . the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless spe-

cial circumstances show proximate damages of a different amount." Code § 36-2-714.

The same rule was applied before the Code was adopted. *Draffin v. Chrysler Motors Corp.,* 252 S. C. 348, 166 S. E. (2d) 305 (1969). "Value" as used in this section has been taken to mean fair market value. *Cox Motor Car Co. v. Castle,* 402 S. W. (2d) 429 (Ky. 1966). It has been held that the cash price paid for goods is *prima facie* the value of the goods as warranted. *K & C Inc. v. Westinghouse Electric Corp.,* 437 Pa. 303, 263 A. (2d) 390 (1970). Applying that rule to the instant case, value of goods as warranted was $15,923.91, since that was the cash price of the home. There is no evidence of any greater value. Counsel for the purchasers argue that the value of the mobile home as warranted was $28,000.00, the "credit price." This does not fit the plain words of the statute. As is pointed out by counsel for the seller, value is what one can sell an item for on the open market. Value is not increased by finance charges.

In an action for breach of warranty, a buyer of goods may recover consequential damages for "any loss resulting from general or particular requirements and needs of which the seller at the time of contracting had reason to know . . .." Code § 36-2-715(2); *see* § 36-2-714(3). The seller could have foreseen that if it delivered the home a week late, the purchasers might have to spend $280 to rent other accommodations, and it could have foreseen that defects might warrant a $45.00 repair bill. These were proper considerations.

The verdict cannot stand unless this court should hold that the purchasers are entitled to recover finance charges as an element of consequential damages. This we refuse to do. The finance charges are not damages naturally and proximately arising out of the breach of warranty, and accordingly are not consequential damages. Upon a new trial, the purchasers will be allowed to seek damages as permitted by

§§ 36-2-714 and 36-2-715, but not recovery of finance charges.

We hold that the judge erred in refusing to grant a new trial outright.

It is unnecessary to rule on the other issues raised by counsel's objections.

Reversed and remanded.

LEWIS, C. J., and NESS, RHODES and GREGORY, JJ., concur.