23088

Everett N. SCOTT, Appellant v. FORT ROOFING AND SHEET METAL WORKS, INC., Respondent.

(385 S. E. (2d) 826)

Supreme Court

*Robert W. Buffington,* of *Sinkler & Boyd, P.A.,* Columbia, *for appellant.*

*M. M. Weinberg, Jr.,* of *Weinberg, Brown and MacDougall,* Sumter, *for respondent.*

Heard June 7, 1989.

Decided Oct. 16, 1989.

GREGORY, Chief Justice:

This appeal is from an order granting respondent's motion for directed verdict. We reverse.

Appellant Scott hired respondent Fort Roofing and Sheet Metal Works, Inc. (Fort) to install central air conditioning in his home. Scott commenced this action to recover for damages to his home allegedly sustained when Fort's employee used a hammer drill to cut holes for air vents in the floors. Scott claimed the vibrations from the drill caused extensive weblike cracking in the plaster walls and ceilings of the house. After the close of Scott's case, the trial judge granted Fort's motion for directed verdict on the ground that Scott failed to offer any competent evidence of damages.

Scott offered expert testimony at trial that his home was worth $40,000 prior to the attempted installation of air conditioning by Fort. Two general contractors testified use of a hammer drill with a coarse blade such as the one used by Fort could cause extensive cracking. Each gave estimates to repair the home ranging between $40,700 and $41,500.

These estimates included the cost of tearing out all the plaster, necessary because it was beyond patching, and replacing cabinets, plumbing, woodwork, and floors damaged during demolition of the existing walls. The trial judge concluded the evidence of cost of repairs was not reasonable and directed a verdict for Fort.

A competent estimate of the cost of repairs to a building creates a factual issue regarding damages. *Kincaid v. Landing Development Corp.*, 289 S. C. 89, 344 S. E. (2d) 869 (Ct. App. 1986); *cf. Joyner v. St. Matthews Builders*, 263 S. C. 136, 208 S. E. (2d) 48 (1974) (in absence of evidence of specific damages, measure of damages to real property is diminution in value). Cost of repair or restoration is a valid measure of damages for injury to a building although compensation may be limited to the value of the building before the damage was inflicted. *See* 25 C.J.S. Damages § 85 (1966); *see, e.g., "L" Investments, Ltd. v. Lynch*, 212 Neb. 319, 322 N. W. (2d) 651 (1982); *cf. Board of County Commissioners v. Slovek*, 723 P. (2d) 1309 (Col. 1986) (reasonable cost of repair exceeding value of building allowed a measure of damages where property has personal or special value).

Viewing the evidence in the light most favorable to Scott, the evidence of cost of repairs created a jury issue regarding damages. The jury, of course, is not bound to accept all the submitted repair costs when awarding damages.

Accordingly, the judgment of the circuit court is reversed and the case is remanded for a new trial.

Reversed and remanded.

HARWELL, CHANDLER, FINNEY and TOAL, JJ., concur.