THIS OPINION 
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT 
 IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Robert H. Charron, d/b/a Liberty Ministries,       
Respondent,
 
 
 

v.

 
 
 
Horton Homes, Inc.,       
Appellant.
 
 
 

Appeal From Oconee County
Alexander S. Macaulay, Circuit Court 
 Judge

Unpublished Opinion No. 2004-UP-432
Submitted May 12, 2004  July 15, 2004

AFFIRMED

 
 
 
Kurt M. Rozelsky and Jennifer S. Barr, both of Greenville, for Appellant. 
W. Grady Jordan, and Robert T. Usry, both of Easley, for Respondent.
 
 
 

PER CURIAM:  Robert H. Charron sued Horton Homes, Inc. to recover damages 
 for defects in a mobile home.  The jury returned a verdict in favor of Charron 
 on his breach of warranty claims.  Horton appeals the trial courts denial of 
 his motions for directed verdict and judgment notwithstanding the verdict or 
 for a new trial.  We affirm. [1] 
FACTS
Charron purchased a mobile home manufactured by Horton from Discount Housing 
 Center.  Hortons one-year limited warranty on the home stated each part of 
 the manufactured home shall be free under normal use and service from defects 
 in material and workmanship for a period of one (1) year after the initial delivery[.]  
 The warranty required Charron to promptly report any defects to Discount Housing 
 or Hortons service department to receive repairs.  Under the terms of the contract, 
 Discount Housing was responsible for handling and coordinating repairs.  
Charron immediately experienced problems with the mobile home.  The 
 large sections of the home were misaligned by almost an inch and a half.  Water 
 leaked into the structure, shingles fell off, within a few months the foundation 
 skirting collapsed, and the walls were bowed.  Charron notified Discount Housing 
 and Horton of the structural problems.  Both companies repeatedly sent repairmen 
 to fix the defects, but the attempts at repair were unsatisfactory and serious 
 structural problems remained uncorrected. 
Charron brought this action for breach of warranties, negligence, 
 and violation of the South Carolina Unfair Trade Practices Act. [2]   At trial, the jury awarded Charron 
 $27,500 on his breach of warranty claim.  The trial court denied Hortons post-trial 
 motions.  
SCOPE
OF REVIEW 
Upon appellate review 
 of an action at law tried by a jury, the jurys findings of fact will not be 
 disturbed unless the reviewing tribunal determines that no evidence in the record 
 supports the jurys conclusion.  Townes Assocs., Ltd. v. City of Greenville, 
 266 S.C. 81, 85, 221 S.E.2d 773, 775 (1976).  Furthermore, in deciding motions 
 for directed verdict and judgment notwithstanding the verdict, the evidence 
 and all reasonable inferences must be viewed in the light most favorable to 
 the non-moving party.  If more than one inference can be drawn from the evidence, 
 the case must be submitted to the jury.  Bishop Logging Co. v. John Deere 
 Indus. Equip.  Co., 317 S.C. 520, 526, 455 S.E.2d 183, 186-87 (Ct. App. 
 1995).  
 DISCUSSION
 I.  Breach of 
 Warranties Claim
 Horton contends the trial court 
 erred in submitting Charrons claim for breach of warranties to the jury, 
 arguing Charron failed to comply with the notice requirement of the express 
 warranty, all implied warranties were conspicuously disclaimed and, in any 
 event, Charron failed to prove breach of any implied warranties.  We disagree.
 Horton claims Charron 
 failed to comply with the notice requirement of the sales contracts express 
 warranty, arguing he did not give Horton prompt notice of defects and an opportunity 
 to cure.  Whether Charron gave Horton reasonable notice and an opportunity 
 to cure is a question of fact properly reserved for the jury.  Draffin 
 v. Chrysler Motors Corp., 252 S.C. 348, 353, 166 S.E.2d 305, 308 (1969).  
 
 Under the express 
 warranty provision, [i]n order to obtain performance of any obligations under 
 the foregoing warranty the purchaser shall . . . [p]romptly report any defects 
 in materials or workmanship to [Discount Housing], or to the service department 
 of Horton Homes, Inc.  Charron testified he informed Discount Housing from 
 day one sections of the mobile home were misaligned.  After Discounts 
 repairmen failed to cure the structural defects, Charron contacted Horton 
 repeatedly by telephone and in writing requesting further repairs.  In one 
 of his letters, Charron included a list of the numerous defects with the home. 
  Horton acknowledged it sent several repairmen out to the mobile home 
 in response to Charrons requests.  Contrary to Hortons assertions, 
 the record reveals Charron was in regular communication with Discount Housing 
 and Horton requesting repair service for numerous defects in the home.  
 Horton further claims 
 it was denied the opportunity to cure the alleged defects, citing a single 
 instance when Charron refused a service call from a Horton repairman.  The 
 refusal occurred after months of repeated and unsuccessful service calls.  
 Charron explained he declined the repairmans request to attempt repairs for 
 two reasons.  First, the repairman called on a Sunday evening and wanted to 
 come then or the following day, which was Labor Day, neither of which was 
 acceptable to Charron.  Secondly, Charron had been assured by Horton that 
 factory employees would perform any required repair work, and the repairman 
 who called on this occasion advised Charron that he was an independent contractor.  
 A month later, Charron again allowed Horton to send a repairman to his property. 
  Repairmen from Discount Housing and Horton made multiple trips to 
 Charrons home both before and after the refusal.  
 The record contains 
 evidence of Charrons request for repairs and Hortons admission it dispatched 
 repairmen to the home to repair defects.  This evidence is sufficient to create 
 a jury question as to whether the express warrantys notice requirement was 
 met and, if so, whether there were adequate opportunities to cure any defects.  
 Accordingly, we find the trial court properly submitted these questions of 
 fact on the issue of breach of express warranty to the jury. [3]   
 II.  Competent Evidence of Damages
 Horton contends the 
 circuit court erred in finding Charron presented competent evidence of damages 
 for his breach of warranty claims.  We disagree.  
 The trial court denied Hortons 
 motions for a directed verdict based on the assertion Charron failed to prove 
 damages on his breach of warranty claims.  A trial courts grant or 
 denial of a directed verdict can only be reversed when there is no evidence 
 to support the ruling below.  Creech v. South Carolina Wildlife & Marine 
 Res. Dept, 328 S.C. 24, 28-29, 491 S.E.2d 571, 573 (1997).  
 A.  Measure of Damages
 Charron presented 
 no evidence of the fair market value of the mobile home at the time he accepted 
 it for delivery.  Therefore, Horton asserts he failed to present sufficient 
 proof of damages as required by the Uniform Commercial Code.  The applicable 
 section of the U.C.C. measures a buyers damages for breach as the difference 
 at the time and place of acceptance between the value of the goods accepted 
 and the value they would have had if they had been as warranted . . . .  
 South Carolina Code Ann. § 36-2-714(2) (2003).  
 Although Charron did not present 
 evidence of the homes value at the time of delivery, the $44,280 purchase 
 price is prima facie evidence of its warranted value, and his expert witness 
 testified partial repair costs for defects would be approximately $60,000.  
 Long v. Quality Mobile Home Brokers, Inc., 271 S.C. 482, 484, 248 S.E.2d 
 311, 312-313 (1978) (stating a goods purchase price is prima facie evidence 
 of its warranted value).  A competent estimate of the cost of repairs is sufficient 
 to create a factual question for the jury regarding damages.  Scott v. 
 Fort Roofing & Sheet Metal Works, Inc., 299 S.C. 449, 451, 385 S.E.2d 
 826, 827 (1989).  The record contains written estimates of the repair costs 
 supported by expert testimony.  Accordingly, there is ample evidence of damages 
 to sustain the trial judges denial of a directed verdict in favor of Horton.
 B.  Qualification of Expert 
 Witness
 Finally, Horton asserts Charrons 
 expert witness was not qualified to testify about repair methods or costs 
 for mobile homes.  We disagree.
 Charrons expert witness was 
 a civil engineer licensed in three states and actively engaged in structural 
 engineering projects.  He personally designed support systems for buildings, 
 including mobile home roof trusses, and had previous work experience in a 
 mobile home manufacturing plant.  He also had considerable experience making 
 cost estimations for construction projects.  His specialized work experience 
 in structural engineering and cost estimation clearly made him more qualified 
 than the jury to give his opinion on the cost and extent of repairs required.  
 
 The qualification of an expert 
 witness and the admissibility of his testimony rest within the sound discretion 
 of the trial court.  Mizell v. Glover, 351 S.C. 392, 406, 570 S.E.2d 
 176, 183 (2002).  We will not disturb the courts decision to exclude or admit 
 expert testimony absent a clear abuse of discretion.  Id.  For a court 
 to find a witness competent to testify as an expert, the witness must be better 
 qualified than the jury to form an opinion on the particular subject of the 
 testimony.  Id. (citing Gooding v. St. Francis Xavier Hosp., 
 326 S.C. 248, 252-253, 487 S.E.2d 596, 598 (1997)).  Accordingly, we find 
 the trial court did not err in qualifying Charrons witness as an expert, 
 and his testimony was properly admitted.
 AFFIRMED.
 HEARN, C.J., STILWELL, 
 J., and CURETON, A.J., concur. 

 
 
 [1]        We decide this case without oral argument pursuant to Rule 
 215, SCACR.

 
 
 [2]        Charron agreed not to pursue his cause of action under the 
 UTPA in exchange for Hortons decision to abandon its motion challenging the 
 courts jurisdiction.  

 
 
 [3]        In light of our determination that Charrons claim for breach 
 of an express warranty was properly before the jury, the jurys general verdict 
 stands.  Because the jurys award could be predicated on Hortons breach of 
 the express warranty alone, we need not address Hortons questions regarding 
 disclaimer or breach of implied warranties.