THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Jimmy L. Owens,
 Jr., Appellant.
 
 
 

Appeal From Horry County
John L. Breeden, Jr., Circuit Court Judge
Unpublished Opinion No. 2008-UP-131
Heard February 12, 2008  Filed February
 20, 2008
AFFIRMED

 
 
 
 Appellate Defender LaNelle C. DuRant, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant
 Attorney General Deborah R. J. Shupe, all of Columbia; and Solicitor John
 Gregory Hembree, of Conway, for Respondent.
 
 
 

PER CURIAM:  A jury found Jimmy Owens, Jr. guilty of criminal
 sexual conduct (CSC) with a minor in the first degree and lewd act on a minor. 
 The trial court sentenced Owens to thirty years for the CSC charge and fifteen
 years for the lewd act to run consecutively.  Owens appeals the trial courts
 admission of evidence and qualification of an expert witness.  We affirm.
1. Owens argues the
 trial court erred in admitting a recorded phone call Owens made to his mother
 while incarcerated.  At trial, counsel for Owens argued the tape recording was
 prejudicial and did not constitute a statement against interest.  Rule 801
 (d)(2), SCRE allows the admission of a statement offered against a
 party if the statement is the partys own statement in either an individual or
 a representative capacity.  At the beginning of the phone
 call, a recording alerted Owens the call is subject to monitoring and
 recording; however, Owens still made admissions.  Owens said the State would
 argue the victims mother was at fault.  Owens stated, among other things, [b]ecause
 she [victims mother] knew what I were (sic) before I come in the house. 
 Therefore, she give (sic) me ample opportunity to mess with them kids. 
 Despite Owenss contention otherwise, this recording could be reasonably
 construed as containing inculpatory evidence.  Therefore, the trial court did
 not abuse its discretion.
2. Owens contends the
 trial court abused its discretion in certifying Cathie Coons, a forensic interviewer,
 as an expert.  Coonss extensive experience indicates no abuse of discretion
 was made.  Coons received
 certification from professional societies, conducted over 400 forensic
 interviews, observed over 400 forensic interviews, attended training programs,
 and testified multiple times in family court as an expert in forensic interviews.  See Gooding v. St. Francis Xavier Hosp., 326 S.C. 248, 252-53,
 487 S.E.2d 596, 598 (1997) ([A] witness must have acquired by reason of study
 or experience or both such knowledge and skill in a profession or science that
 he is better qualified than the jury to form an opinion on the particular
 subject of his testimony.).  Additionally, Coonss testimony regarding the victims
 interview was merely cumulative to the victims testimony before the trial
 court.
3. Owens additionally
 assigns error to the trial courts sua sponte questioning of Coons,
 while in the jurys presence, as to whether Coons believed the victim was
 telling the truth.  Coons responded in the affirmative.  We decline to address
 this issue because a contemporaneous objection was not made at trial.  See State v. Johnson, 363 S.C. 53, 58, 609 S.E.2d 520, 523 (2005) (requiring a
 contemporaneous objection with specificity for the issue to be preserved).
Accordingly,
 we affirm the trial courts admittance of the recording and certification of Coons
 as an expert.
AFFIRMED.
HUFF, KITTREDGE, and WILLIAMS, JJ., concur.