THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Evelia Ramirez, Appellant.
 
 
 

Appeal From Saluda County
 James R. Barber, III, Circuit Court Judge
Unpublished Opinion No. 2008-UP-585
Submitted October 1, 2008  Filed October
 15, 2008
AFFIRMED

 
 
 
 Deputy Chief Appellant Defender, Wanda H. Carter, South Carolina
 Commission on Indigent Defense, Division of Appellate Defense, of Columbia, for
 Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott,  Harold
 M Coombs, all of Columbia; and Solicitor Donald V. Myers, of Lexington, for
 Respondent.
 
 
 

PER CURIAM: 
 In this criminal appeal, Evelia
 Ramirez argues the trial court erred in admitting certain expert testimony
 regarding the level of force needed to inflict the victims injuries because
 the issue was a factual issue within the province of the jury.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:  Rule 702, SCRE (If
 scientific, technical, or other specialized knowledge will assist the trier of
 fact to understand the evidence or to determine a fact in issue, a witness
 qualified as an expert by knowledge, skill, experience, training, or education,
 may testify thereto in the form of an opinion or otherwise.); State v.
 White, 372 S.C. 364, 373, 642 S.E.2d 607, 611 (Ct. App. 2007) (cert.
 granted, Nov. 19, 2007) (holding the trial court has the discretion to qualify
 an expert witness and admit the experts testimony); Gooding v. St. Francis
 Xavier Hosp., 326 S.C. 248, 252-53, 487 S.E.2d 596, 598 (1997) (To be
 competent to testify as an expert, a witness must have acquired by reason of
 study or experience or both such knowledge and skill in a profession or science
 that [s]he is better qualified than the jury to form an opinion on the
 particular subject of h[er] testimony.).
AFFIRMED.
SHORT,
 THOMAS, and PIEPER, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.