**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jake Wright and Theresa Gadsden, as Personal Representatives of the Estate of Jacob Cleveland Wright, and Jake Wright and Theresa Gadsden, individually, Respondents,

v.

Colleton County Sheriff's Department, Appellant.

Appellate Case No. 2012-212865

-------

Appeal From Colleton County
Diane Schafer Goodstein, Circuit Court Judge

-------

Unpublished Opinion No. 2014-UP-011
Heard December 11, 2013 – Filed January 8, 2014

-------

**AFFIRMED**

-------

Ernest Mitchell Griffith, of Griffith Sadler & Sharp, PA, of Beaufort for Appellant.

Eugene Preston Warr, Jr., of Lucas Warr & White, of Lamar; Steven Dean Murdaugh, of Peters Murdaugh Parker Eltzroth & Detrick, PA, of Walterboro; and Paul N. Siegel, of Walterboro, all for Respondents.

-------

**PER CURIAM:** In this civil action, the Colleton County Sheriff's Department (the sheriff's office) appeals the jury verdict in favor of Jake Wright (Jake) and Theresa Gadsden, as personal representatives of the estate of Jacob Cleveland Wright, and Jake Wright and Theresa Gadsden, individually (collectively, Respondents). The sheriff's office asserts the trial court erred in (1) finding Martin Schussel's testimony was reliable and qualifying him as an expert for the Respondents, (2) denying its motions for a directed verdict and judgment notwithstanding the verdict (JNOV), and (3) denying its motions for a directed verdict and JNOV on the issue of negligent hiring. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in finding the software Schussel utilized in his accident reconstruction was reliable: *See* Rule 702, SCRE ("If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."); *see also Gooding v. St. Francis Xavier Hosp.*, 326 S.C. 248, 252, 487 S.E.2d 596, 598 (1997) ("The qualification of an expert witness and the admissibility of the expert's testimony are matters within the trial court's discretion. An abuse of discretion occurs when there is an error of law or a factual conclusion which is without evidentiary support.") (citations omitted); *Watson v. Ford Motor Co.*, 389 S.C. 434, 449, 699 S.E.2d 169, 177 (2010) (explaining that a trial court not only has to find that a proffered expert has the knowledge, skill, experience, training, or education in the field of expertise, the trial court must also determine that the substance of the expert's testimony is reliable); *id.* at 449-50, 699 S.E.2d at 177 (providing several factors that the trial court should consider when determining whether scientific expert evidence is reliable: "'(1) the publications and peer review of the technique; (2) prior application of the method to the type of evidence involved in the case; (3) the quality control procedures used to ensure reliability; and (4) the consistency of the method with recognized scientific laws and procedures.'" (quoting *State v. Council*, 335 S.C. 1, 19, 515 S.E.2d 508, 517 (1999))); *Pope v. Heritage Cmtys., Inc.*, 395 S.C. 404, 424-25, 717 S.E.2d 765, 775-76 (Ct. App. 2011) (finding the trial court did not err in ruling the respondent's expert's testimony was reliable where the trial court recognized that different methodologies were used by the parties' experts and found both methodologies appropriate).

2. As to whether the trial court erred in denying the sheriff's office's motions for a directed verdict and JNOV on the issue of negligence on the basis that Deputy McCoy's negligence, if any existed, was not the proximate cause of the accident:

*Wright v. Craft*, 372 S.C. 1, 18, 640 S.E.2d 486, 495-96 (Ct. App. 2006) ("When reviewing a motion for directed verdict or JNOV, an appellate court must employ the same standard as the trial court. On appeal from an order denying a directed verdict [or JNOV], an appellate court views the evidence and all reasonable inferences in a light most favorable to the non-moving party.") (citations omitted); *id.* at 18, 640 S.E.2d at 496 ("This court will reverse the trial court's ruling on a directed verdict motion only if no evidence exists to support the ruling, or if the decision was controlled by an error of law."); *Clark v. Cantrell*, 339 S.C. 369, 389, 529 S.E.2d 528, 539 (2000) ("We recently made it clear that a judgment as a matter of law pursuant to [*Horton v. Greyhound Corp.*, 241 S.C. 430, 128 S.E.2d 776 (1962)] and its progeny is proper only in the exceedingly rare case when the evidence, viewed in the light most favorable to the non-moving party, shows that the speed of a vehicle could not have contributed to the cause of the accident. Of course, in most automobile accident cases, speed creates imponderable issues of time and distance which must be resolved by the jury.") (citations and quotations omitted).

3. As to whether the trial court erred in denying the sheriff's office's motions for a directed verdict and JNOV on the issue of negligent hiring on the basis that Respondents presented no evidence that the sheriff's office violated the applicable standard of care: *Doe v. ATC, Inc.*, 367 S.C. 199, 206, 624 S.E.2d 447, 450 (Ct. App. 2005) (stating that a claim of negligent hiring "generally turn[s] on two fundamental elements—knowledge of the employer and foreseeability of harm to third parties" (citing *Di Cosala v. Kay*, 450 A.2d 508, 516 (N.J. 1982))); *id.* ("From a practical standpoint, [the elements of negligent hiring] are analyzed in terms of the number and nature of prior acts of wrongdoing by the employee, and the nexus or similarity between the prior acts and the ultimate harm caused. Such factual considerations—especially questions related to proximate cause inherent in the concept of foreseeability—will ordinarily be determined by the factfinder, and not as a matter of law.").

**AFFIRMED.**

**HUFF, GEATHERS, and LOCKEMY, JJ., concur.**