**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Emily Carlson and Alice Preyer, Petitioners,

v.

John C. Dockery, III , Respondent.

In re Emily Chesire Dockery,

Of whom Emily Carlson and Alice Preyer are the Respondents,

and

Emily Chesire Dockery is the Appellant.

Appellate Case No. 2015-000680

Appeal From Horry County
Larry B. Hyman, Jr., Circuit Court Judge

Unpublished Opinion No. 2017-UP-359
Heard March 9, 2017 – Filed September 27, 2017

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED**

Mary Madison Brittain Langway and Thomas C. Brittain,

both of The Brittain Law Firm, P.A., of Myrtle Beach,
for Appellant.

James Franklin McCrackin, of Nelson Mullins Riley &
Scarborough, LLP, of Myrtle Beach, for Respondent.

---

**PER CURIAM:** Emily Cheshire Dockery (Dockery) appeals the circuit court's affirmance of several probate court orders, arguing the circuit court erred in affirming the probate court's: (1) finding she was incapacitated and in need of a third-party conservator, (2) enforcement of a settlement agreement, (3) refusal to admit testimony from John C. Dockery, III (Son), (4) exclusion of portions of Dr. Jeff Benjamin's testimony, (5) appointment of a person other than John C. Dockery, III as conservator, (6) finding that Dockery was responsible for all fees and costs of both the guardian ad litem (GAL) and Dr. Leonard Goldschmidt, and (7) refusal to admit Clifford H. Tall as an expert. We affirm in part, reverse in part, and remand to the probate court for appointment of Son as Dockery's conservator pursuant S.C. Code Ann. § 62-5-410(a) (2009).[1]

**Finding of Incapacity**

As to whether the circuit court erred in affirming the probate court's finding of incapacity, we hold this issue is not preserved for appellate review. When Dockery appealed from the probate court to the circuit court, she submitted a brief containing nine issues. However, none of those issues challenged the probate court's finding that she was incapacitated. *See Pye v. Estate of Fox*, 369 S.C. 555, 565, 633 S.E.2d 505, 510 (2006) ("Generally, an issue must be raised to and ruled upon by the circuit court to be preserved."). The circuit court's order affirming the probate court listed and analyzed each of Dockery's nine issues but specifically noted, "Appellants have not appealed any of the findings of fact made by the Probate Court (including the finding of incapacity), nor have appellants asked me to make my own findings of fact based on the record before me." *See Shirley's Iron Works, Inc. v. City of Union*, 403 S.C. 560, 573, 743 S.E.2d 778, 785 (2013) ("An unappealed ruling is the law of the case and requires affirmance.").

---

[1] The General Assembly amended the conservatorship and guardianship sections of Article 5 of the South Carolina Probate Code in 2017, effective January 1, 2019. Act. No. 87, 2017 S.C. Acts ____. This amendment recodified the statute as section 62-5-408 of the South Carolina Code but made no substantive changes applicable to our analysis in this case.

Additionally, we find nothing in Dockery's motion to reconsider that might be sufficient to preserve this issue. *See Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 24, 602 S.E.2d 772, 780 (2004) (stating a party must file a Rule 59(e) motion when an issue has been raised, but not ruled on in order to preserve it). Accordingly, we affirm this issue on preservation grounds.

**Appointment of a Third-Party Conservator**

We find the probate court abused its discretion in finding good cause to pass over Son for priority as Dockery's conservator. Son was Dockery's attorney in fact pursuant to her 2007 power of attorney; thus, the probate court was required to give Son priority over third parties when appointing Dockery's conservator. *See* S.C. Code Ann. § 62-5-410(a)(3) (2009) (listing "an attorney in fact appointed by [the] protected person" as entitled to priority consideration for a conservatorship). The statute further provides, "The court, for good cause, may pass over a person having priority and appoint a person having less priority or no priority." S.C. Code Ann. § 62-5-410(b) (2009). Yet, we find no admissible evidence in the record to support the probate court's decision to pass over Son as conservator in favor of a third-party lacking statutory priority. *See In re Estate of Pallister*, 363 S.C. 437, 447, 611 S.E.2d 250, 256 (2005) ("If the proceeding in the probate court is in the nature of an action at law, the circuit court and the appellate court may not disturb the probate court's findings of fact unless a review of the record discloses there is no evidence to support them."). The probate court stated its decision relied primarily on the GAL's testimony as to "multiple instances of questionable financial decisions by Mr. Dockery in matters affecting Ms. Dockery's assets, including commingling of funds, potential self-dealing[,] and general confusion regarding Ms. Dockery's assets," but the record lacks concrete evidence to support these findings. Although the GAL testified her conclusions were the result of an investigation, she failed to elaborate or present any evidence verifying specific instances of financial misconduct. The probate court's belief that a third-party conservator would prevent family infighting and give Dockery peace of mind alone does not provide the "good cause" necessary to ignore the priority provision of

section 62-5-410.[2]  Thus, the probate court erred in passing over Son—who was entitled to statutory priority.[3]

**Remaining Issues**

1.  As to whether the probate court erred in "refusing to allow and/or admit testimony from John C. Dockery, III," we find this issue was abandoned on appeal because Dockery failed to cite any law in her brief's one-paragraph argument on this issue.  *See Glasscock, Inc. v. U.S. Fid. & Guar. Co.*, 348 S.C. 76, 81, 557 S.E.2d 689, 691 (Ct. App. 2001) ("South Carolina law clearly states that short, conclusory statements made without supporting authority are deemed abandoned on appeal and therefore not presented for review."); Rule 208(b)(1)(D), SCACR (requiring "discussion and citations of authority" for each issue in an appellant's brief).

2.  As to whether the probate court erred in finding Dockery was responsible for the fees and costs of the GAL and Dr. Goldschmidt, we find no error.  Dockery

---

[2] Further, the record reflects the probate court conducted the hearing and reached its subsequent appointment decision based upon information from the parties' attempted mediation of this matter.  This was error.  Absent limited exceptions not applicable here, "[c]ommunications during a mediation settlement conference shall be confidential."  Rule 8(a), SCADR.

[3] Dockery also argues the probate court erred in enforcing and relying upon an unsigned settlement agreement purportedly reached following mediation in concluding she was incapacitated and needed a third-party conservator.  Dockery did not attend the mediation, and Son never signed such an agreement.  Because the question of incapacity is unpreserved and we reverse the appointment of a third-party conservator, we need not separately address the settlement agreement issue.  However, we note that when dealing with settlement agreements, Rule 43(k), SCRCP's requirements must be strictly observed.  *See* Rule 43(k), SCRCP ("No agreement between counsel affecting the proceedings in an action shall be binding unless reduced to the form of a consent order or written stipulation signed by counsel and entered in the record, or unless made in open court and noted upon the record, or reduced to writing and signed by the parties and their counsel."); *see also Farnsworth v. Davis Heating & Air Conditioning, Inc.*, 367 S.C. 634, 637, 627 S.E.2d 724, 726 (2006) (stating Rule 43(k) applies to settlement agreements); *id.* at 637, 627 S.E.2d at 725 (stating Rule 43(k) is intended to prevent disputes concerning the existence and terms of agreements regarding pending litigation).

asserts the probate court failed to "cite specific case law or statute[s] supporting its decision" but the record shows that in a March 2014 "Order Granting Partial Relief on Motions to Reconsider/Alter or Amend Order Finding Incapacity," the probate court wrote, "I grant the [m]otions with regard to the payment of fees for Dr. Goldschmidt and [the GAL] and amend the Order Finding Incapacity so as to cite sections 62-5-303 and 62-5-414 for the statutory basis for the [c]ourt's conclusion that Ms. Dockery is responsible for the fees/costs for the court-appointed examiners and the court-appointed lawyer/[GAL] in these proceedings." Section 62-5-414 of the South Carolina Code (2009) provides, "If not otherwise compensated for services rendered, any visitor, lawyer, physician, conservator, or special conservator appointed in a protective proceeding is entitled to reasonable compensation from the estate, as determined by the court." Accordingly, the probate court acted within its statutorily authorized discretion in assigning the fees and costs.

3. As to whether the probate court erred in excluding portions of Dr. Benjamin's testimony and refusing to qualify attorney Clifford Tall as an expert, we find neither was an abuse of discretion. *See Gooding v. St. Francis Xavier Hosp.*, 326 S.C. 248, 252, 487 S.E.2d 596, 598 (1997) ("The qualification of an expert witness and the admissibility of the expert's testimony are matters within the trial court's discretion.").

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

**GEATHERS, MCDONALD, and HILL, JJ., concur.**