**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Archie Howell, Respondent,

v.

Christopher Chabot, Appellant.

Appellate Case No. 2015-001210

Appeal From Horry County
Larry B. Hyman, Jr., Circuit Court Judge

Unpublished Opinion No. 2017-UP-361
Submitted September 1, 2017 – Filed October 4, 2017

**AFFIRMED**

Christopher Chabot, of Myrtle Beach, pro se.

Mark David Neill, of Neill Law Firm, PA, of Murrells
Inlet, for Respondent.

**PER CURIAM:**  In this contract action, Christopher Chabot, doing business as
Autoworks, appeals the circuit court's order affirming the magistrate's decision to
order Chabot to pay $3,995 to Archie Howell.  On appeal, Chabot argues the
circuit court erred in (1) finding the magistrate did not err in failing to recuse
himself; (2) finding the magistrate did not err in qualifying an expert witness,
disallowing Chabot's defense of unclean hands, and allowing hearsay testimony;

(3) finding the magistrate did not err in granting one or more counts in Howell's complaint without evidence of a contract or damages; (4) denying Chabot's motion to dismiss; and (5) denying Chabot's motion to reconsider.  We affirm[1] pursuant to Rule 220(b), SCRCP, and the following authorities:

1.  As to Issue 1: *State v. Burton*, 356 S.C. 259, 265 n.5, 589 S.E.2d 6, 9 n.5 (2003) ("A pro se litigant who knowingly elects to represent himself assumes full responsibility for complying with substantive and procedural requirements of the law."); *Burke v. AnMed Health*, 393 S.C. 48, 54, 710 S.E.2d 84, 87 (Ct. App. 2011) ("A contemporaneous objection is typically required to preserve issues for appellate review."); *Davis v. Parkview Apartments*, 409 S.C. 266, 289, 762 S.E.2d 535, 547 (2014) ("To be timely, a recusal motion must be made at counsel's first opportunity after discovery of the disqualifying facts.").

2.  As to Issue 2: *Parks v. Characters Night Club*, 345 S.C. 484, 490, 548 S.E.2d 605, 608 (Ct. App. 2001) ("[O]n appeal from a [c]ircuit [c]ourt's affirmance of a magistrate's order, our scope of review is more limited."); *id.* (explaining this court "will presume that an affirmance by a [c]ircuit [c]ourt of a magistrate's judgment was made upon the merits whe[n] the testimony is sufficient to sustain the magistrate's judgment and there are no facts that show the affirmance was influenced by an error of law"); *Gooding v. St. Francis Xavier Hosp.*, 326 S.C. 248, 252, 487 S.E.2d 596, 598 (1997) ("The qualification of an expert witness and the admissibility of the expert's testimony are matters within the [magistrate's] court's discretion."); *id.* ("An abuse of discretion occurs when there is an error of law or a factual conclusion which is without evidentiary support."); *Gadson v. Mikasa Corp.*, 368 S.C. 214, 228-29, 628 S.E.2d 262, 270 (Ct. App. 2006) ("The party offering the expert has the burden of showing the witness possesses the necessary learning, skill, or practical experience to enable the witness to give opinion testimony.  Generally, however, defects in the amount and quality of the expert's education or experience go to the weight to be accorded the expert's testimony and not to its admissibility." (citation omitted)); *Gooding*, 326 S.C. at 252-53, 487 S.E.2d at 598 ("To be competent to testify as an expert, 'a witness must have acquired by reason of study or experience or both such knowledge and skill in a profession or science that he is better qualified than the jury to form an opinion on the particular subject of his testimony.'"); *Honea v. Prior*, 295 S.C. 526, 530, 369 S.E.2d 846, 849 (Ct. App. 1988) ("There is no exact requirement concerning how knowledge or skill must be acquired.  A witness may be competent to testify as an expert although the witness acquired his or her

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

knowledge through practical experience and not by scientific study, training, or research." (citation omitted)); *id.* at 530-31, 369 S.E.2d at 849 ("Even whe[n] the problem presented may be one that usually requires some scientific knowledge or training, a person with long experience may testify as an expert although he or she did not pursue a special study of the matter.").

3.  As to Issue 3: *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [magistrate] to be preserved for appellate review."); *id.* ("Moreover, an objection must be sufficiently specific to inform the [magistrate's] court of the point being urged by the objector."); *id.* at 77, 497 S.E.2d at 734 (explaining post-trial motions are used to preserve issues "that have been raised to the [magistrate's] court but not yet ruled upon by it").

4.  As to Issue 4: *Helms Realty, Inc. v. Gibson-Wall Co.*, 363 S.C. 334, 339, 611 S.E.2d 485, 487-88 (2005) (stating the appealing party has the burden of providing a sufficient record on appeal); *Broom v. Jennifer J.*, 403 S.C. 96, 115, 742 S.E.2d 382, 391 (2013) ("Issues raised in a brief but not supported by authority may be deemed abandoned and not considered on appeal."); *First Savs. Bank v. McLean*, 314 S.C. 361, 363, 444 S.E.2d 513, 514 (1994) (holding an appellant was deemed to have abandoned an issue for which he failed to provide any argument or supporting authority).

5.  As to Issue 5: *State v. McMillian*, 349 S.C. 17, 21, 561 S.E.2d 602, 604 (2002) ("A [circuit court]'s denial of a motion for continuance will not be disturbed absent a clear abuse of discretion."); *id.* ("Reversals of refusal of a continuance are about as rare as the proverbial hens' teeth.").

**AFFIRMED.**

**LOCKEMY, C.J., and HUFF and HILL, JJ., concur.**