**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Dionte J'Chon Habersham, Appellant.

Appellate Case No. 2021-000805

---

Appeal From Jasper County
Bentley Price, Circuit Court Judge

---

Unpublished Opinion No. 2024-UP-191
Submitted May 1, 2024 – Filed May 29, 2024

---

**AFFIRMED**

---

Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, and Senior Assistant Deputy Attorney General Melody Jane Brown, and Assistant Attorney General Michael Douglas Ross, all of Columbia; and Solicitor Isaac McDuffie Stone, III, of Bluffton, all for Respondent.

---

**PER CURIAM:**  Dionte J'Chon Habersham appeals his convictions for murder, possession of a weapon during the commission of a violent crime, and discharging a firearm into a dwelling, along with his aggregate sentence of thirty-three years' imprisonment.  On appeal, Habersham argues the trial court erred in (1) qualifying the State's witnesses as experts in footwear impression analysis and admitting their testimony because it was prejudicial and unreliable, and (2) denying his motion for a directed verdict because the State failed to present any direct or substantial circumstantial evidence that Habersham shot the victim.  We affirm pursuant to Rule 220(b), SCACR.

1.  We hold the trial court did not abuse its discretion by qualifying two of the State's witnesses as experts in footwear impression analysis and by admitting their testimony regarding a "correspondence" between a footprint found in the field behind the victim's house and Habersham's own shoe impression.  *See State v. Wallace*, 440 S.C. 537, 541, 892 S.E.2d 310, 312 (2023) ("We review a trial court's ruling on the admission or exclusion of evidence—when the ruling is based on the South Carolina Rules of Evidence—under an abuse of discretion standard."); *State v. Jones*, 423 S.C. 631, 636, 817 S.E.2d 268, 270 (2018) ("A trial court's ruling on the admissibility of expert testimony constitutes an abuse of discretion where the ruling is unsupported by the evidence or controlled by an error of law."); *Wallace*, 440 S.C. at 544, 892 S.E.2d at 313 ("To admit expert testimony under Rule 702, the proponent—in this case the State—must demonstrate, and the trial court must find, the existence of three elements: 'the evidence will assist the trier of fact, the expert witness is qualified, and the underlying science is reliable.'" (quoting *State v. Council*, 335 S.C. 1, 20, 515 S.E.2d 508, 518 (1999))); *Council*, 335 S.C. at 19, 515 S.E.2d at 517 (holding a trial court considers these reliability factors when admitting scientific testimony: "(1) the publications and peer review of the technique; (2) prior application of the method to the type of evidence involved in the case; (3) the quality control procedures used to ensure reliability; and (4) the consistency of the method with recognized scientific laws and procedures").  During the State's proffer, the witnesses explained their experience and training in footwear impression analysis.  The first witness testified she had been qualified as an expert in footwear impression analysis once, and the second witness testified he had been qualified about forty times.  *See State v. Prather*, 429 S.C. 583, 598, 840 S.E.2d 551, 559 (2020) ("To be competent to testify as an expert, a witness must have acquired by reason of study or experience or both such knowledge and skill in a profession or science that he is better qualified than the jury to form an opinion on the particular subject of his testimony." (quoting *Gooding v. St. Francis Xavier Hosp.*, 326 S.C. 248, 252-53, 487 S.E.2d 596, 598 (1997))).

Both experts testified that the methodology of determining whether a footprint corresponds with a certain shoe had been extensively peer reviewed, published, and internationally accepted; the process for collecting photographs for comparison was standardized; and their conclusions must be reviewed and agreed upon by another examiner before they could issue a report. *Compare State v. Jones*, 343 S.C. 562, 573, 541 S.E.2d 813, 819 (2001) (holding the science of "barefoot insole impression" did not meet the reliability factors under Rule 702 and *Council* because the expert testified "he had published several peer-reviewed articles . . . [but] was still in the process of collecting data in order to determine which standards were appropriate for comparison purposes . . . [and] acknowledged that earlier work in this area had been discredited") *with Council*, 335 S.C. at 21, 515 S.E.2d at 518 (concluding that although Mitochondrial DNA analysis was new it "[had] been subjected to peer review and many articles [had] been published about this technology").

2. We hold the trial court properly denied Habersham's motion for directed verdict because, when viewing the evidence in light most favorable to the State, there was substantial circumstantial evidence to submit the case to the jury. *See State v. Elders*, 386 S.C. 474, 480, 688 S.E.2d 857, 860 (Ct. App. 2010) ("When reviewing the denial of a motion for a directed verdict, an appellate court must employ the same standard as the trial court by viewing the evidence and all reasonable inferences in the light most favorable to the nonmoving party."); *State v. Bailey*, 368 S.C. 39, 44-45, 626 S.E.2d 898, 901 (Ct. App. 2006) ("When ruling on a motion for a directed verdict, the trial court is concerned with the existence of evidence, not its weight."); *State v. Rogers*, 405 S.C. 554, 567, 748 S.E.2d 265, 272 (Ct. App. 2013) ("Circumstantial evidence . . . gains its strength from its combination with other evidence, and all the circumstantial evidence presented in a case must be considered together to determine whether it is sufficient to submit to the jury."). Habersham's hands, shirt, and shorts indicated the presence of gunshot residue on the night of the incident, despite Habersham's statement that he had not handled or been around any firearms. Furthermore, the footwear impression analysis experts opined the footprint left at the scene corresponded with the impression of the shoes Habersham wore that night. Additionally, Habersham's neighbor testified he saw a medium-build man, wearing dark clothing heading towards the incident and then saw the same man running away, holding an object in his hand, and getting into a Buick after the shooting. Habersham wore dark clothing in the videos from both police interviews conducted the night of the incident, and he admitted he was riding in a Buick on the incident day. Moreover, witness testimony discredited Habersham's alibi that he was at home during the incident. Thus, considering the totality of this evidence, we find it was proper for

the trial court to allow the case to go to the jury, and the trial court did not abuse its discretion in denying Habersham's motion. *See Rogers*, 405 S.C. at 563, 748 S.E.2d at 270 ("If there is any direct evidence, or if there is substantial circumstantial evidence, that reasonably tends to prove the defendant's guilt, [this court] must find the trial court properly submitted the case to the jury.").

**AFFIRMED.**[1]

**GEATHERS, HEWITT, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.